MARY J. KELLY, petitioner-appellant,

*v.*

JOSEPH P. KELLY, defendant-appellee.

[Argued June 22d, 1923.   Decided November 19th, 1923.]

It is not necessary to begin a desertion that the deserter intends to desert at the time he leaves his home.   If the proof establishes that he, at any time while absent from home, determined that from thenceforth he would desert his wife, and that determination is persisted in willfully, continuously and obstinately for the statutory period, that will constitute desertion within the statute.

On appeal from the court of chancery.

*Messrs. Cole & Cole,* for the appellant.

The opinion of the court was delivered by

WHITE, J.

This is an appeal by the wife from a decree of the court of chancery dismissing her petition for divorce against her husband on the ground of desertion.  The jurisdictional facts were found by the special master to have been established.  The evidence indicates that the husband was a petty gambler and "pool shark," who was intoxicated a large part of his time, and he provided so inadequately for his wife and child that the wife was compelled to leave him, taking their child with her, and to go to work as a saleswoman in a store in Atlantic City.  This occurred in May of 1912, they having been married in 1902.  Upon this subject the master reports: "I find and report that there was one living child born to the marriage, to wit, Marie Kelly, who

lives with her mother and who is eighteen years of age. While living in Philadelphia the petitioner and defendant did not get along very well and as a result a separation occurred. The reason given by the petitioner I believe to be true; but I do not find any corroboration thereof in the testimony. However, whether I am correct or incorrect in this conclusion, it is immaterial, because after she came to Atlantic City in 1912, he came to Atlantic City, visited her at her house, remained with her overnight, re-established the relationship of husband and wife, discussed their conditions and then left for Philadelphia. According to her statement he asked leave to take their furniture out of storage, as he had a new position, paying him $12 per week, and out of that amount he would give the petitioner $10 weekly with which to maintain the house, clothing, gas and heat. To this proposition the petitioner said she did not think it could be done; but that if he waited until he got more salary she would go back to him."

After that the husband never contributed anything towards his wife's support, and during the period of nine years which elapsed before the filing of the petition in 1921 the husband never made any effort to establish a home for his wife, nor did he ever visit her or ask her to return to live with him.

The special master took the view that the separation of 1912 until conditions improved was by mutual consent, and that there being no proof that either party had abandoned this position there was no willful and obstinate desertion. This we think was error.

The consent of 1912 was obviously a mere temporary arrangement and was so understood by both parties. The wife was to keep on with her work in her position in Atlantic City, not indefinitely or permanently, but merely until the husband was able to get more salary than the $12 per week, which his new position was then paying him, and which both parties seem to have conceded was insufficient to support the family. We do not think that such a temporary arrangement operates to justify the husband in entirely abandoning his wife and his duties to her thereafter.

It is well settled in this state that: "It is not necessary to begin a desertion that the deserter intends to desert at the time he leaves his home. If the proof establishes that he, at any time while absent from his home, determined that from thenceforth he would desert his wife, and that determination is persisted in willfully, continuously and obstinately for the statutory period, that will constitute desertion within the statute." *Carroll* v. *Carroll, 68 N. J. Eq. 727; Foote* v. *Foote, 71 N. J. Eq. 273; Byrne* v. *Byrne, 93 N. J. Eq. 5.*

In the case of *Foote* v. *Foote* (*supra*) the petition for divorce was filed in 1902 and there had been, as here, a temporary separation (in 1892), because of the inability of the husband to support the wife. She went to live with her mother and he, with her consent, accepted employment in the State of Texas, hoping to succeed there and to eventually send for his family. Subsequently, as was said by this court in its opinion by Judge Vroom: "After a long silence the defendant, in September, 1893, returned to his mother's house (which was in the same town where his wife was living); but not to his wife; nor has he ever returned to her, nor offered to resume the marital relation, nor to provide for her, as in duty he was bound to do. This conduct is what constitutes the actual desertion of the complainant on the part of the defendant. When the intention to desert became fixed in the mind of the defendant the complainant has been unable to say; but his actions and the corroborative circumstances under which the circumstances took place, can leave no doubt that such a determination was reached long prior to the two years before the filing of the bill in this case." It is true that in the *Foote Case* there was evidence of a letter from the wife to the husband calling upon him to return to her and to support her. Where, however, as in the present case, the consented to arrangement was so clearly temporary, and the period, amounting to nearly nine years, of utter abandonment by the husband of his wife and of his duties to her, is so eloquent of his complete desertion of her we do not think that the absence of a demand by her that he discontinue this abandonment and desertion and that he perform

the duties towards her which the law requires of him is an essential element.

We think, therefore, that the decree appealed from should be reversed and the record will consequently be remitted to the court of chancery in order that a decree granting the divorce as prayed may be entered by that court.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, White, Heppenheimer, Ackerson, Van Buskirk—10.